


UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

DEBRA MASSENGILL HECK, )
)
    Plaintiff, )
)
v. ) No. 3:09-CV-266
) Phillips / Shirley
LIFE INSURANCE COMPANY OF NORTH )
AMERICA, A CIGNA COMPANY, and )
RYERSON, INC. d/b/a RYERSON TULL COIL )
PROCESSING, )
)
    Defendants. )

## NOTICE OF REMOVAL

Defendant Life Insurance Company of North America ("LINA") files this Notice to remove to this Court an action brought against it and currently pending in the Chancery Court of Knox County, Tennessee, bearing Docket No. 175215-2, and with respect thereto, would show this Court as follows:

The above-styled cause was commenced in the Chancery Court of Knox County, Tennessee, Case No. 175215-2, by virtue of a Complaint filed by Plaintiff, Debra Massengill Heck, on 29 May 2009, against Defendants. Defendant LINA was served with process, and Defendant Ryerson, Inc. d/b/a Ryerson Tull Coil Processing was served with process, on about 1 June 2009. Pursuant to 28 U.S.C. § 1446(a), a copy of the aforementioned Complaint, along with copies of process, are attached hereto and made a part of this Notice by reference.

II.
Upon information and belief, Plaintiff is a citizen of the State of Tennessee.

C CSH 454335 v1
0-0 6/9/2009

Case 3:09-cv-00266-TWP-CCS   Document 1   Filed 06/17/09   Page 1 of 4   PageID #: 1

III.

The Complaint alleges breach of an insurance contract as a result of nonpayment of insurance benefits to Plaintiff. This action is one of a civil nature for damages claimed as a result of allege breach of an insurance contract by Defendants. At the time of his death, Plaintiff's husband, James Luther Massengill, was a participant in an insurance plan purchased through Life Insurance Company of North America and Ryerson, Inc. d/b/a Ryerson Tull Coil Processing ("Plan"). This Court has original jurisdiction over Plaintiff's action under the provisions of 28 U.S.C. § 1331.

Specifically, this action involves an action for benefits arising under the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001, et seq. ("ERISA"). 29 U.S.C. § 1132(e)(1) confers original jurisdiction upon the District Courts of the United States over claims initiated by plan participants, beneficiaries or fiduciaries to recover benefits due or to enforce rights under employee benefit plans governed by ERISA. Under the allegations of the Complaint, Plaintiff is asserting rights to recover benefits under the terms of the Plan and under ERISA. See Complaint ¶¶ 3, 5-9. Therefore, this action arises under federal law, and this Court has original jurisdiction.

Further, while federal preemption is ordinarily a defense and, as such, would not satisfy the well-pleaded complaint rule for removal purposes, causes of action filed in state court that are preempted by ERISA and come within the scope of Section 1132(a) are removable to Federal Court under 28 U.S.C. § 1441(a) as an action arising under federal law, even if the defense of ERISA preemption does not appear on the face of the complaint. *Metropolitan Life Insurance Company v. Taylor*, 481 U.S. 58, 107 S.Ct. 1542, 95 L.Ed.2d 55 (1987). To the extent that the specific claims against Defendants are separately articulated, those specific claims as to Defendants are removed. The requisite federal question exists, as provided in 28 U.S.C. § 1331.

2

C CSH 454335 v1
0-0 6/9/2009

IV.

The time period within which Defendants are required to file this Notice of Removal pursuant to 28 U.S.C. § 1446 has not yet expired because the Complaint was filed in the Chancery Court of Knox County, Tennessee, on 29 May 2009.

V.

Defendants file herewith a copy of all process, pleadings and orders served upon all parties to this action.

VI.

Notice to the Chancery Court of Knox County, Tennessee, which attaches a duplicate of this Notice of Removal to federal court is being filed with the Clerk of the Chancery Court of Knox County, Tennessee as required by 28 U.S.C. §1446(d).

VII.

Notice of the filing of this Notice of Removal will be sent to the Plaintiff, the only adverse party, through her attorney of record and as required by 28 U.S.C. §1446(d).

VIII.

The allegations of this Notice are true and correct and within the jurisdiction of the United States District Court for the Eastern District of Tennessee, and this cause of action is removable to the United States District Court for the Eastern District of Tennessee.

WHEREFORE, Defendant files this Notice for the purpose of removing this action from the Chancery Court of Knox County, Tennessee, to the United States District Court for the Eastern District of Tennessee.

Respectfully submitted,

BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ, P.C.

By: _____
Cameron S. Hill, BPR No. 017408
1800 Republic Centre
633 Chestnut Street
Chattanooga, TN 37450-1800
(423) 756-2010

Counsel for Defendants

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing document was served upon adversary counsel, via U.S. Mail, this 17th day of June, 2009, as follows:

> David H. Dunaway, Esq.
> 100 South Fifth Street
> P. O. Box 280
> LaFollette, TN 37766-0231

BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ, P.C.

By: _____

4

C CSH 454335 v1
0-0 6/9/2009