FILED

IN THE CHANCERY COURT FOR KNOX COUNTY, TENNESSEE
AT KNOXVILLE
2009 MAY 29 PM 3: 23

HOWARD G. HOGAN

| | |
|---|---|
| DEBRA MASSENGILL HECK, | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION |
| | ) NO. |
| LIFE INSURANCE COMPANY OF NORTH | ) |
| AMERICA, A CIGNA COMPANY, and | ) |
| RYERSON, INC., D/B/A RYERSON TULL | ) |
| COIL PROCESSING, | ) |
| | ) |
| Defendants. | ) |

## COMPLAINT

Comes the Plaintiff Debra Massengill Heck, by and through her attorney, and for a Complaint for Declaratory Judgment, would show unto the Court the following:

1. The Plaintiff is a citizen and resident of Knox County, Tennessee.

2. The Defendant, Ryerson, Inc. d/b/a Ryerson Tull Coil Processing, is and at all times mentioned herein was a business entity with offices at 2535 Westcott Boulevard, Knoxville, Tennessee 37931, and process may be served on its managing agent at its Knoxville, Tennessee address pursuant to Rule 4 of the Tennessee Rules of Civil Procedure.

The Defendant, Life Insurance Company of North America, a CIGNA Company (hereinafter called the insurance company) is and at all times mentioned herein was a foreign insurance company doing business in the State of Tennessee, but process should be served through the Commissioner of Commerce and Insurance for the State of Tennessee, Nashville, Tennessee.

3. That at all times herein, the Plaintiff, Debra Massengill Heck, was the surviving spouse of James Luther Massengill, who was employed by the Defendant, Ryerson, Inc., and for whom group

life insurance had otherwise been provided through Ryerson, Inc. on behalf of James Luther Massengill and for which the Plaintiff was listed as the beneficiary. The Plaintiff would show unto the Court that as the spouse of James Luther Massengill, and as Mr. Massengill's beneficiary, the Plaintiff had been listed as the beneficiary of a $46,000.00 group life insurance policy which was provided to James Luther Massengill.

4. That on March 15, 2009, James Luther Massengill died and the Plaintiff was, at that time, his surviving spouse.

5. That on or about April 13, 2009, the Defendant, Ryerson, Inc. d/b/a Ryerson Tull Coil Processing, informed the Plaintiff that as the listed beneficiary, she was otherwise entitled to receive the proceeds of a group life insurance policy in the amount of $46,000.00.

6. That the Plaintiff duly gave notice of her claim for life insurance benefits and provided forms which she submitted to the Defendant, Life Insurance Company of North America, a CIGNA Company, and provided a copy of the death certificate of her husband as well as a copy of her marriage certificate to the deceased and otherwise performed all of the reasonable conditions requested to be performed by her, and she has demanded payment for the life insurance proceeds to which she was entitled. However, the Defendants have failed and refused to pay the Plaintiff the life insurance proceeds to which the Plaintiff is otherwise entitled.

7. That upon information and belief, the Plaintiff would show unto the Court that the Defendant, Life Insurance Company of North America, a CIGNA Company, contends that the Plaintiff is not the appropriate beneficiary, despite the fact that the Defendant insurance company has not provided to the Plaintiff any evidence that an appropriate change of beneficiaries was otherwise made or that an election of any additional amount of insurance coverage was made on

behalf of James Luther Massengill, deceased, other than the $46,000.00 for which the Defendant, Ryerson, Inc., has represented to the Plaintiff she was the listed beneficiary.

8. The Plaintiff would show unto the Court that at all times mentioned herein the Defendant, Ryerson, Inc. d/b/a Ryerson Tull Coil Processing, was aware that the Plaintiff was an intended beneficiary of a group life insurance policy. That upon information and belief, the Plaintiff believes that the Defendant, Ryerson, Inc., switched life insurance vendors from Prudential Life Insurance Company to Life Insurance Company of North America, a CIGNA Company, but at all times mentioned herein continued to maintain group life insurance company on behalf of James Luther Massengill, for which the Plaintiff was a listed beneficiary. The Plaintiff would show unto the Court that while James Luther Massengill was provided information that he could make a voluntary employee-paid election to obtain additional insurance coverage through his employer after March 1, 2009, upon information and belief, the Plaintiff contends that James Luther Massengill never elected additional life insurance coverage under a term life insurance policy No. FLX-980103 that was to be issued by the Defendant, Life Insurance Company of North America, and for which the deceased could have otherwise changed beneficiaries, but the Plaintiff would show unto the Court that to the best of her information and knowledge, Ryerson, Inc. continued to maintain a group life insurance policy on behalf of James Luther Massengill for which the Plaintiff was the designated beneficiary.

9. Before the commencement of this cause of action, the Plaintiff has demanded payment of the life insurance proceeds to which she is otherwise entitled, but the Defendants have failed and refused to pay the Plaintiff the sums owed. The Defendants have also had exclusive control over the investigation of the Plaintiff's claims.

WHEREFORE, the Plaintiff demands:

1. That proper process issue and be served upon the Defendants, requiring them to answer this Complaint within the time required by law, but not under oath, their oaths being waived.

2. That the Plaintiff have a Declaratory Judgment decreeing that she is entitled to the proceeds from a $46,000.00 life insurance policy that was otherwise maintained or should have been maintained by the Defendant, Ryerson, Inc., on behalf of James Luther Massengill, deceased.

3. That this Court declare and construe the rights and responsibilities of the parties.

4. That the Plaintiff be awarded such damages as the Court deems proper under the law and evidence not to exceed Forty-Six Thousand Dollars ($46,000.00).

5. That the Plaintiff be granted such further and general relief to which she may be entitled under the law and evidence.

> DEBRA MASSENGILL HECK
>
> By: _____
> DAVID H. DUNAWAY, BPR #000491
> Attorney for Plaintiff
> 100 South Fifth Street
> Post Office Box 280
> LaFollette, TN 37766-0231
> LaFollette: 423/562-7085
> Knoxville: 865/524-3670

4

## COST BOND

We acknowledge ourselves as surety for all costs, taxes and damages in this case in accordance with T.C.A. §20-12-120.

DEBRA MASSENGILL HECK

_(signature)_

Principal
4811 Edford Avenue
Knoxville, Tennessee 37918

_(signature)_

Surety
DAVID H. DUNAWAY
Attorney for Plaintiff
P.O. Box 280
LaFollette, TN 37766
(423) 562-7085

5

IN THE CHANCERY COURT FOR KNOX COUNTY, TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| DEBRA MASSENGILL HECK, | ) |
| Plaintiff, | ) ) ) |
| v. | ) CIVIL ACTION ) NO. |
| LIFE INSURANCE COMPANY OF NORTH AMERICA, A CIGNA COMPANY, and RYERSON, INC., D/B/A RYERSON TULL COIL PROCESSING, | ) ) ) ) ) |
| Defendants. | ) |

## PLAINTIFF'S FIRST INTERROGATORIES TO THE DEFENDANTS

TO: LIFE INSURANCE COMPANY OF NORTH AMERICA, A CIGNA COMPANY, AND RYERSON, INC. D/B/A RYERSON TULL COIL PROCESSING, DEFENDANTS.

Please take notice that the Plaintiff hereby requests the named Defendants, pursuant to the Tennessee Rules of Civil Procedure, to answer the following Interrogatories within 45 days of the date of service hereof.

### INTERROGATORY #1:

Please identify yourself, stating your name, address, and company position you hold in the Defendant company.

ANSWER:

### INTERROGATORY #2:

What investigative reports were obtained by your company prior to your company's refusal to pay the Plaintiff's claim in this matter?

ANSWER:

**INTERROGATORY #3:**

If you will do so without a Motion to Produce, attach a copy of the insurance policy under the terms by which the Defendant, Ryerson, Inc. d/b/a Ryerson Tull Coil Processing, has represented to the Plaintiff that she is the beneficiary of a group life insurance policy to the extent of $46,000.00.

**ANSWER:**

**INTERROGATORY #4:**

If you will do so without a Motion to Produce, attach records of all investigative reports, intra-office and intra-department memoranda regarding your investigation of this matter.

**ANSWER:**

**INTERROGATORY #5:**

State the name, address, and company position of the individual who made the determination with regard to the payment or non-payment of this claim.

**ANSWER:**

**INTERROGATORY #6:**

State the reasons for the Defendants' denial and/or Defendants' refusal to pay the Plaintiff's claim in this matter.

**ANSWER:**

2

Respectfully submitted this 28th day of May, 2009.

DEBRA MASSENGILL HECK

BY: _____
David H. Dunaway, BPR #0491
Attorney for Plaintiff
100 S. Fifth Street
Post Office Box 280
LaFollette, Tennessee 37766
LaFollette: 423/562-7085
Knoxville: 865/524-3670

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and exact copy of the foregoing Interrogatories were attached and filed with the original Complaint to be served herein.

This 28th day of May, 2009.

_____
David H. Dunaway
Attorney for the Plaintiff

3

FILED

IN THE CHANCERY COURT FOR KNOX COUNTY, TENNESSEE
AT KNOXVILLE
2009 MAY 29 PM 3: 23

| | |
|---|---|
| DEBRA MASSENGILL HECK, | ) HOWARD G. HOGAN |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION 175315-2 |
| | ) NO. |
| LIFE INSURANCE COMPANY OF NORTH | ) |
| AMERICA, A CIGNA COMPANY, and | ) |
| RYERSON, INC., D/B/A RYERSON TULL | ) |
| COIL PROCESSING, | ) |
| | ) |
| Defendants. | ) |

You are hereby summoned and required to serve upon David H. Dunaway, whose address is P.O. Box 280, LaFollette, Tennessee 37766, a true copy of the defense to the complaint which is herewith served upon you, with thirty (30) days after service of this summons upon you, exclusive of the day of service. You will file the original pleading with the court. If you fail to do so, judgment by default will be taken against you for the relief demanded in the Complaint.

Issued this the 29 day of MAY 2009.

Witness, Howard Hogan, Clerk & Master of said court, at office in Knoxville, Tennessee.

Howard G Hos                                   /s/ _____
Clerk & Master                                 Deputy Clerk

**NOTICE**

TO THE DEFENDANT:    RYERSON, INC., D/B/A RYERSON TULL COIL
                     PROCESSING

Tennessee law provides a four thousand dollar ($4,000.00) personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the clerk of the court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution of garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed; these items include the necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer. TCA § 26-2-114.

ADA
FOR ASSISTANCE CALL
865 / 215-2952
TTY: 865 / 215-2497

FILED

## IN THE CHANCERY COURT FOR KNOX COUNTY, TENNESSEE
## AT KNOXVILLE

2009 MAY 29 PM 3: 23

HOWARD G. HOGAN

| | |
|---|---|
| DEBRA MASSENGILL HECK, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION 175215-2 |
| ) | NO. |
| LIFE INSURANCE COMPANY OF NORTH ) | |
| AMERICA, A CIGNA COMPANY, and ) | |
| RYERSON, INC., D/B/A RYERSON TULL ) | |
| COIL PROCESSING, ) | |
| ) | |
| Defendants. ) | |

You are hereby summoned and required to serve upon David H. Dunaway, whose address is P.O. Box 280, LaFollette, Tennessee 37766, a true copy of the defense to the complaint which is herewith served upon you, with thirty (30) days after service of this summons upon you, exclusive of the day of service. You will file the original pleading with the court. If you fail to do so, judgment by default will be taken against you for the relief demanded in the Complaint.

Issued this the 29 day of MAY 2009.

Witness, Howard Hogan, Clerk & Master of said court, at office in Knoxville, Tennessee.

Howard G Hogan _____
Clerk & Master       Deputy Clerk

**NOTICE**

TO THE DEFENDANT: **RYERSON, INC., D/B/A RYERSON TULL COIL PROCESSING**

Tennessee law provides a four thousand dollar ($4,000.00) personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the clerk of the court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution of garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed; these items include the necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer. TCA § 26-2-114.

ADA
FOR ASSISTANCE CALL
865 / 215-2952
TTY: 865 / 215-2497

## SERVICE INFORMATION

To the process server:  Defendant, RYERSON, INC., D/B/A RYERSON TULL COIL PROCESSING, should be served through its managing agent at 2535 Westcott Boulevard, Knoxville, Tennessee 37931.

## RETURNED

I received this summons on the 29th day of _may_, 2009.

I hereby certify and return that on the 1st day of _June_, 2009, I:

( )  served this summons and a complaint on Defendant, RYERSON, INC., D/B/A RYERSON TULL COIL PROCESSING, in the following manner: _Jaurietta Gibbs_ _Ryerson Inc._,

( )  failed to serve this summons within 30 days after its issuance because: _____

_Constable Bill Rutherford_
Process Server

2

# IN THE CHANCERY COURT FOR KNOX COUNTY, TENNESSEE
## AT KNOXVILLE

| | |
|---|---|
| DEBRA MASSENGILL HECK, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 175215-2 |
| ) | |
| LIFE INSURANCE COMPANY OF NORTH ) | |
| AMERICA, A CIGNA COMPANY, and ) | |
| RYERSON, INC. d/b/a RYERSON TULL COIL ) | |
| PROCESSING, ) | |
| ) | |
| Defendants. ) | |

## NOTICE OF REMOVAL

Please take notice that on June 17, 2009, Defendant Life Insurance Company of North America ("LINA") filed a Notice of Removal of this action from the Chancery Court of Knox County, Tennessee, to the United States District Court for the Eastern District of Tennessee. A copy of the Notice of Removal is attached.

You are also advised that on filing such Notice of Removal in the office of the Clerk of the United States District Court for the Eastern District of Tennessee, Defendants also filed copies thereof with the Clerk of the Chancery Court of Knox County, Tennessee, to effect the removal pursuant to 28 U.S.C. § 1446(d).

C CSH 454260 v1
0-0 6/8/2009

Respectfully submitted,

BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ, P.C.

By: _____
Cameron S. Hill, BPR No. 017408
1800 Republic Centre
633 Chestnut Street
Chattanooga, TN 37450-1800
(423) 756-2010

Counsel for Defendants

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing document was served upon adversary counsel, via U.S. Mail, this 17th day of June, 2009, as follows:

David H. Dunaway, Esq.
100 South Fifth Street
P. O. Box 280
LaFollette, TN 37766-0231

BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ, P.C.

By: _____

2

C CSH 454260 v1
0-0 6/8/2009